IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANNA NIETO, BETTY DELOSSANTOS,
PATRICK SANCHEZ, SALLY NETSCH
PHYLLIS DEBAUN, and MARY GONZALES,

     Plaintiffs,

vs.                                  No. CIV 96-1225 MV/JHG

QUDRAT KAPOOR, ORSON TRELOAR,
RON SHAFER, JAMES KNOBLE, Individually
And In Their Official Capacities and
EASTERN NEW MEXICO MEDICAL CENTER,

     Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants's Motion to (1) Allow Filing of Third-Party Complaint for Bad Faith and Breach of Insurance Contract and (2) for Severance or Separate Trial as to the Third-Party Complaint, filed January 13, 2000 **[Doc. 306]**. The Court, having considered the motion, response, the relevant law, and being otherwise fully informed, finds that Defendant's Motion will be GRANTED.

## BACKGROUND

In the underlying action, removed to this Court in September 1996, Plaintiffs who are former employees of Eastern New Mexico Medical Center ("ENMMC"), allege that Defendant Dr. Quadrat Kapoor created a racially and sexually hostile work environment. The suit was initially brought against several defendants including ENMMC and other ENMMC employees ("ENMMC Defendants"). However, Kapoor remains the sole defendant as all of

the other defendants have settled with Plaintiffs and have been dismissed.

Though the underlying action was filed more than three and one-half years ago and is set for trial February 17, 2000, Defendant Kapoor now seeks leave to file a third-party complaint against American Continental Insurance Company ("ACIC") – ENMMC's general liability insurer, ENMMC, and Gerhard Haas – the ACIC claims director who handled the claims against Kapoor and ENMMC. In his Third-Party Complaint, Kapoor asserts that ACIC represented the ENMMC defendants and reached a settlement agreement with Plaintiffs on behalf of the ENMMC defendants, but refused to represent Kapoor. Kapoor avers that ACIC breached its insurance contract through its refusal to defend and provide coverage for him. The complaint asserts that it was not until September 1999 that Kapoor's counsel received certified copies of the ACIC insurance policies for 1996 despite repeated requests for the policies. Moreover, Kapoor complains that it was not until June 1999 that Haas admitted that Kapoor may be considered an insured under one of the insurance policies. Kapoor now seeks leave to file a third-party complaint for, *inter alia*, bad faith and breach of insurance contract.

**ANALYSIS**

Federal Rule of Civil Procedure 14(a) provides that a defendant may file a third-party complaint against a party "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." FED. R. CIV. P. 14(a). The third-party plaintiff must obtain leave from the court to file the third-party complaint any later than ten days after serving the original answer. *Id.* Courts have substantial discretion in deciding whether to grant such leave. *See First Nat'l Bank of Nocona v. Duncan S&L Ass'n*, 957 F.2d 775, 777 (10th Cir. 1992) (citing *Farmers and Merchants Mutual Fire Insurance Co. v.*

*Pulliam*, 481 F.2d 670, 673 (10th Cir. 1973)). Delay and undue prejudice to the Plaintiff is certainly grounds to deny leave to file a third-party complaint. *See id.* Kapoor has delayed in filing this complaint given that the last relevant facts alleged occurred in September 1999, yet he did not file this motion until four months later in January 2000. Nevertheless, the Court finds that the interests of judicial economy are served by the filing of the third-party complaint. As Kapoor suggests and as provided for in Rule 14(a), the Court will sever the third-party action from the underlying action, so as not to delay the already overdue trial set for February 2000. Moreover, the Court will grant the Plaintiffs' request that the third-party action be stayed pending the outcome of the underlying suit, so as not to risk delaying it. This will result in a stay of no more than one and one-half months – an interruption to which Kapoor can hardly object given his tardiness.

### CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Allow Filing of Third-Party Complaint, **[Doc. 306]** is granted. Defendants may file the third-party complaint.

**IT IS FURTHER ORDERED** that the third-party action is severed from the underlying action and is stayed until the conclusion of the trial.

**DATED** this 26th day of January, 2000.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE


Plaintiffs Nieto, Sanchez & Gonzalez:      Randy Clark

Plaintiffs Netsch, DeBaun & DeLosSantos:  Tandy Hunt & Kathryn Hammel

Defendant Kapoor:                          Eric Scott Jeffries & Cynthia Braun Mungle