IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANNA NIETO, BETTY DELOSSANTOS,
PATRICK SANCHEZ, SALLY NETSCH
PHYLLIS DEBAUN, and MARY GONZALES,

    Plaintiffs,

vs.                          No. CIV 96-1225 MV/JHG

QUDRAT KAPOOR, ORSON TRELOAR,
RON SHAFER, JAMES KNOBLE, Individually
And In Their Official Capacities and
EASTERN NEW MEXICO MEDICAL CENTER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant's Motion in Limine to Exclude the Testimony of T. Zane Reeves, filed January 27, 2000 **[Doc. 314]**. The Court, having considered the moving papers, response, reply, relevant law, and being otherwise fully informed, finds that Defendant's Motion is well taken, and will be GRANTED.

This is a hostile environment harassment case against Dr. Qudrat Kapoor, a physician staffing the radiation/oncology department at the Eastern New Mexico Medical Center ("ENMMC"), brought by former employees of ENMMC who worked with Dr. Kapoor. The other Defendants, ENMMC and supervisors at ENMMC (collectively "ENNMC Defendants") have settled with Plaintiffs and have been dismissed.

Dr. Kapoor, the sole remaining Defendant, moves to exclude the testimony of Dr. T. Zane Reeves – a human resources management expert. Dr. Kapoor asserts that that Dr.

1

Reeves was an expert witness initially retained to testify regarding the ENMMC Defendants and their alleged failure to respond to Plaintiffs' complaints of harassment by Dr. Kapoor, and that his proffered testimony regarding Dr. Kapoor is impermissible on several grounds. Dr. Kapoor contends that Dr. Reeves' testimony would confuse the issue of supervisory and individual liability, in violation of Federal Rule of Evidence 403. Further, Dr. Kapoor argues Dr. Reeves' testimony is not proper expert testimony because he plans to testify as to issues of common knowledge and as to ultimate issues, such as whether Dr. Kapoor's conduct created a hostile work environment. The Court, Dr. Kapoor contends, can assess for itself based on the evidence presented at trial whether Plaintiffs suffered a hostile environment created by Dr. Kapoor, without expert witness assistance. Plaintiffs fail to address these specific arguments offered by Dr. Kapoor, asserting instead that Dr. Reeves is a qualified expert, that this Court has already ruled that he is a proper expert witness, and that his testimony is relevant and reliable under *Kumho Tire v. Carmichael*, __ U.S. __, 119 S.Ct. 1167 (1999).

The touchstone of expert testimony is that it must "assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. According to Dr. Reeves' reports and Plaintiffs' Response, Dr. Reeves, if permitted to testify, would offer the following opinions:

- Defendant Kapoor's comments regarding gender, ethnicity, and professional competencies of the Plaintiffs . . . created a hostile work environment at ENMMC..

- Kapoor failed to protect the employment rights of the Plaintiffs by violating . . . sections of the ENMMC Employee Handbook.

- Kapoor contributed to the creation of a "hostile work

2

> environment," thereby causing the "constructive discharge" of each of the Plaintiffs from ENMMC.

*Plaintiffs' Response* at 3. None of these opinions would assist the trier of fact, in this case the judge, in comprehending the evidence or determining a relevant fact. At the heart of this litigation is how Dr. Kapoor treated the Plaintiffs and conducted himself at the workplace and whether his conduct created a hostile work environment. To determine whether Plaintiffs' claim has been met the Court will have to assess whether the harassing conduct was so severe and pervasive that it changed the terms and conditions of Plaintiffs' employment and created a work environment that would reasonably be perceived as abusive. *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993). In assessing whether Dr. Kapoor created a hostile environment, the Court will examine all the circumstances including, "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with [the Plaintiffs'] work performance." *Id.* at 23. The Court will rely on witnesses' accounts of Dr. Kapoor's conduct, but does not need an expert to proffer his opinion about whether in fact Plaintiffs experienced an abusive work environment. That is the ultimate issue for the Court, as the trier of fact in this case, to decide. *See Specht v. Jensen*, 853 F.2d 805, 809-10 (10th Cir. 1988) (en banc).

The Court in its Memorandum Opinion and Order of September 18, 1998 did rule that Dr. Reeves' testimony would be admitted. However, his testimony was offered primarily regarding the ENMMC Defendants. The Court determined that it would be useful to hear from a human resources management expert on the adequacy of the ENMMC Defendants' conduct in responding to Plaintiffs' complaints. However, in its previous Order the Court

prohibited Dr. Reeves' from offering opinions on certain legal conclusions. For example, the Court ordered Dr. Reeves not to state that the ENMMC Defendants had been "negligent." *Memorandum Opinion and Order*, at 17. However, now that the ENMMC Defendants have been dismissed and the issue of supervisory responsibility and liability are no longer at issue, the Court finds that a human resources expert would no longer be "helpful" as required for expert testimony under Rule 702.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants's Motion in Limine to Exclude the Testimony of T. Zane Reeves, **[Doc. 314]** is **granted**. Dr. Reeves will not be permitted to testify at trial.

**DATED** this 10th day of February, 2000.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiffs:
    Kathryn Hammel
    Tandy Hunt
    Randy Clark

Attorney for Defendant Kapoor:
    Mark Jarmie