**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ANNA NIETO, BETTY DELOSSANTOS,
PATRICK SANCHEZ, SALLY NETSCH,
PHYLLIS DEBAUN, and MARY GONZALES,

                Plaintiffs,

vs.                                                                                                       No. CIV 96-1225 MV/JHG

QUDRAT KAPOOR,

                Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion to Reconsider a Portion of the Court's Award of Fees and Costs **[Doc. No. 400]**, filed July 6, 2001. The Court, having considered the motion, response, relevant law and otherwise being fully informed, finds that the motion is well taken and will be **granted in part.**

Defendant seeks a reconsideration of a portion of this Court's award of attorneys' fees. Defendant objects to this Court's award of $3,660.51 as a sanction pursuant to 28 U.S.C. § 1927. As Plaintiffs point out, Defendant does not state an objection to the sanction per se, but to the statute under which this Court awarded the sanction. Defendant correctly notes that § 1927 applies to attorneys or other persons admitted to conduct cases, and that Dr. Kapoor is not such an individual. However, as Plaintiffs also correctly note, this Court has inherent powers to sanction an individual for vexatious conduct. *See Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764-67 (1980) (Courts have the inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous

filings); *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("courts have 'inherent power,' [to sanction individuals] governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases); *Betz v. United States*, 753 F.2d 834, 835 (10th Cir. 1985).  Dr. Kapoor's conduct in failing to turn over his financial records in violation of this Court's order interfered with the efficiency of the proceedings and manifested reckless or intentional disregard of his duties before this Court.  Because of Dr. Kapoor's conduct, Plaintiffs were required to enlist the assistance of the Accounting Group and Donald Fenstermacher.  Therefore, Dr. Kapoor is required to pay, as a sanction for his conduct, their fees.  As the Court did not intend to sanction Dr. Kapoor's counsel, but did intend to sanction Dr. Kapoor, this Court hereby amends its June 12, 2001 Order to state that Dr. Kapoor will be sanctioned pursuant to the inherent powers of the Court, not pursuant to § 1927, in the amount of $3,660.51.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reconsider a Portion of the Court's Award of Fees and Costs is hereby **granted in part.**  The Court sanctions Dr. Kapoor personally in the amount of $3,660.51.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

| Attorneys for Plaintiffs | Attorney for Defendant |
|---|---|
| Randy Clark | Mark Jarmie |
| Tandy Hunt | |
| Kathryn Hammel | |