IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANNA NIETO, BETTY DELOSSANTOS,
PATRICK SANCHEZ, SALLY NETSCH,
PHYLLIS DEBAUN, MARY GONZALES,

    Plaintiffs,

vs.

QUDRAT KAPOOR,

    Defendant,                                                                CIV No. 96-1225 MV/LCS

and

ORALIA B. FRANCO, as Trustee for the Estate of
QUDRAT KAPOOR,

    Third-Party Plaintiff,

vs.

EASTERN NEW MEXICO MEDICAL CENTER,
AMERICAN CONTINENTAL INSURANCE
COMPANY, and GERARD HAAS, Individually
and as Agent of American Continental Insurance Company,

    Third-Party Defendants/Counter-Claimants

vs.

ORALIA B. FRANCO, as Trustee for the Estate of
QUDRAT KAPOOR,

    Counter-Defendant.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on Trustee of Defendant/Third-Party

Plaintiff/Counter-Defendant Qudrat Kapoor's Motion to Join Additional Party **[Doc. No. 420]**,

Motion to Withdraw as Counsel of Record for Third-Party Defendant Eastern New Mexico Medical Center **[Doc. No. 427]**, and Motion of Chaves County to Consolidate Above-Styled Cases **[Doc. No. 431]**. The Court, having considered the motions, briefs, relevant law and being otherwise fully informed, finds that the Motion to Join Additional Party **[Doc. No. 420]** will be **GRANTED**, the Motion to Withdraw as Counsel of Record for Third-Party Defendant Eastern New Mexico Medical Center **[Doc. No. 427]** will be **GRANTED**, and the Motion of Chaves County to Consolidate Above-Styled Cases **[Doc. No. 431]** will be **DENIED**.

## BACKGROUND

This case originally involved a hostile working environment case brought by six former employees of Eastern New Mexico Medical Center ("ENMMC") against Dr. Qudrat Kapoor, the Medical Director of the Radiation Oncology Department of ENMMC. Plaintiffs initially named ENMMC and a number of ENMMC supervisors as defendants (collectively "ENMMC Defendants"). The ENMMC Defendants settled with Plaintiffs, and the claims against those defendants were subsequently dismissed. Therefore, Dr. Kapoor was the sole defendant who went to trial.

Plaintiffs prevailed after a bench trial and were awarded a judgment of $3,750,000 **[Doc. No. 346]**. Defendant Kapoor appealed this Court's findings of fact and conclusions of law, which was subsequently affirmed by the Tenth Circuit. *See Nieto v. Kapoor*, 268 F.3d 1208 (10th Cir. 2001).

On January 26, 2000, Defendant Kapoor filed a Third-Party Complaint **[Doc. No. 313]** against ENMMC, American Continental Insurance Company ("ACIC"), and Gerard Haas,

individually and as an agent of ACIC, for bad faith, breach of an insurance contract, breach of fiduciary duty, violations of the New Mexico Unfair Insurance Practices Act, intentional or negligent misrepresentation, intentional infliction of emotional distress, and prima facie tort. In his Third-Party Complaint, Defendant/Third-Party Plaintiff Kapoor alleged that he should have been provided insurance coverage by ACIC through ENMMC for the underlying action, and that he suffered injury due to the lack of coverage.

On March 20, 2000, Third-Party Defendants brought a counterclaim **[Doc. No. 347]** against Defendant/Third-Party Plaintiff Kapoor, seeking a declaratory judgment that they had no obligation to defend or reimburse Dr. Kapoor in any action arising from his professional work at ENMMC, including the underlying cause of action, and that they currently have no obligation to pay any judgment that has been or may be rendered in favor of any party, including Plaintiffs in this action.

Defendant/Third-Party Plaintiff Kapoor filed a bankruptcy petition on February 16, 2000, and Ms. Oralia B. Franco was subsequently appointed Trustee of Defendant/Third-Party Plaintiff Kapoor's bankruptcy estate. On November 27, 2001, the Court granted Ms. Franco's unopposed motion to substitute her for Dr. Kapoor as Third-Party Plaintiff in this action **[Doc. No. 406]**.

**DISCUSSION**

**I.     Third-Party Plaintiff Franco's Motion to Join Additional Party**

"To the extent that [a] motion to supplement sought the addition of a party, it is controlled by Rule 15(a) because it is actually a motion to amend." *United States ex. rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018 (10th Cir. 1994) (quoting *Frank v. U.S.*

*West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)). Rule 15(a) provides that once a responsive pleading has been served, a "party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Hom v. Squire*, 81 F.3d 969 (10th Cir. 1996).

Third-Party Plaintiff Franco moves the Court to add the County of Chaves (the "County") as a third-party defendant in this action because, at all times material to the Third-Party Complaint, Third-Party Defendant ENMMC was owned and operated by the County pursuant to the New Mexico Hospital Funding Act, N.M. Stat. Ann. § 4-48B-1 *et seq.* Moreover, when the County transferred its interest in ENMMC, it assumed all pre-existing liabilities of ENMMC, including those related to this action. Of particular note is the fact that neither the County nor ENMMC opposes Third-Party Plaintiff's Motion.

However, Third-Party Defendants ACIC and Mr. Haas ("ACIC Third-Party Defendants") do oppose this Motion. They assert that the addition of the County as a third-party defendant would confuse the jury with regard to the relationship between the County and ENMMC, thereby unduly prejudicing them as they become the more easily identifiable third-party defendants. They

additionally argue that the County took no part in the underlying litigation and that they are not the "real party in interest" for the Third-Party Complaint.

The Court does not find the ACIC Third-Party Defendants' arguments to be persuasive. It is undisputed that the County has the ultimate responsibility for any liabilities incurred by ENMMC, and that the entity of ENMMC no longer exists. Moreover, the ACIC Third-Party Defendants do not dispute that the County participated in the settlement negotiations for the underlying action, which is material to the Third-Party Complaint. Likewise, the Court is not persuaded by their fear of confusion by the jury. The relationship between ENMMC and the County can easily be explained in a jury instruction, and is no more complicated than other civil matters involving organizations linked to governmental entities, whereby "state action" can be established. The Court has not found "any apparent or declared reason," including *inter alia* "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment" to deter leave to amend. *Foman*, 371 U.S. at 182. Because Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," the Court sees no reason why Third-Party Plaintiff's Motion should not be granted.

The ACIC Third-Party Defendants' contention that the County is not a "real party in interest" is equally unavailing. Rule 17(a) of the Federal Rules of Civil Procedure states that "[e]very action shall be prosecuted in the name of the real party in interest." "The function of Rule 17(a) 'is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.'" *Scheufler v. General Host Corp.*, 126 F.3d 1261, 1270 (10th Cir. 1997) (quoting Fed.

R. Civ. P. 17(a) advisory committee's note (1966)); *see also Hefley v. Jones*, 687 F.2d 1383, 1388 (10th Cir. 1982) ("The real party in interest requirement of Rule 17(a) is to prevent a defendant from multiple suits and multiple damage awards growing out of the same claim."). Consequently, "the 'real party in interest' is the one who, under applicable substantive law, has the legal right to bring the suit." *FDIC v. Geldermann, Inc.*, 975 F.2d 695, 698 (10th Cir. 1992). Yet, Third-Party Plaintiff Franco does not seek to add the County as a third-party plaintiff in this matter, but rather as a third-party defendant; thus, Rule 17(a) is not applicable to Ms. Franco's Motion.

"When a court grants leave to amend to add an adverse party after the time for responding to the original pleading has lapsed, the party so added is given '10 days after service of the amended pleading' to plead in response." *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466 (2000) (quoting Fed. R. Civ. P. 15(a)). "This opportunity to respond" is "fundamental to due process" and echoes "the opportunity to respond to original pleadings secured by Rule 12." *Id.* (citing Fed. R. Civ. P. 12(a)(1)). As a consequence, in order to comport with due process, Third-Party Plaintiff Franco is required to submit an amended pleading, which names the County as a third-party defendant, and the County will then have 10 days after service to reply.

**II.  Counsel of ENMMC's Motion to Withdraw**

On February 28, 2000, the law firm of Guebert, Bruckner & Bootes, P.C. (the "Guebert firm"), entered its appearance on behalf of Third-Party Defendant ENMMC. On March 10, 2000, ENMMC demanded that ACIC provide it with separate counsel to represent its interests in the third-party action since the Guebert firm had been representing all of the third-party defendants. The following day, the County sent written notification to the Guebert firm that it had retained

Maureen Sanders, Esq., to represent ENMMC. Additionally, ACIC retained the law firm of Civerolo, Gralow & Hill (the "Civerolo firm") to represent ENMMC pursuant to ENMMC's March 10, 2000 demand. Immediately following ENMMC's demand for separate counsel and notice of representation by Ms. Sanders, the Guebert firm suspended all further representation of ENMMC.

The Guebert firm previously filed a motion to withdraw on May 24, 2000 **[Doc. No. 364]**, which the Court denied on June 2, 2000, due to the bankruptcy stay **[Doc. No. 370]**. The bankruptcy court lifted the stay on January 28, 2002, and the Guebert firm again moved to withdraw as counsel for Third-Party Defendant ENMMC.

The motion to withdraw is not opposed by any other parties in this action, except to the extent that Third-Party Plaintiff Franco and Third-Party Defendant ENMMC would like the withdrawal to be conditioned upon the timely transfer of all documents and other information relevant to the third-party action and the underlying *Nieto* litigation.

The withdrawal of attorneys is governed by Rule 83.8 of the Local Rules of Civil Procedure. Pursuant to Local Rule 83.8(c), counsel for a corporation can withdraw only if a substitute attorney has entered his or her appearance. In this case, two separate attorneys have entered their appearances on behalf of ENMMC, which satisfies the requirements of the local rules.

The Court does not find any reason why the Guebert firm's motion should not be granted. It is clear from all of the submissions to the Court that the attorney-client relationship between the Guebert firm and ENMMC has been completely severed. The Court notes the condition requested by Third-Party Plaintiff Franco and Third-Party Defendant ENMMC, but finds their

request to be unduly broad. The Guebert firm continues to represent the ACIC Third-Party Defendants, who are adversaries of both Franco and ENMMC. Thus, the Guebert firm cannot disclose its entire case file, which may contain privileged information with regard to ACIC and Mr. Haas. The Guebert firm is, however, required to transfer all documents related to its representation of ENMMC to ENMMC's current lawyers.

**III.    County of Chaves' Motion to Consolidate**

Motions to consolidate are governed by Rule 42(a) of the Federal Rules of Civil Procedure, which states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Thus, "[w]here the subject matter of the claims made in separate actions arise out of the same transaction and involve common issues of law and fact, the actions have been consolidated where the rights of the parties will be adequately protected." *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982) (citation omitted).

Once the Court has determined that there are common questions of law or fact, it "should then weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice consolidation might cause." *Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994) (citing *Southwest Marine, Inc. v. Triple A. Mach. Shop. Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)). "Whether to grant a motion to consolidate under Rule 42(a) is in the trial court's discretion." *Id.* (citations omitted).

The County moves the Court to consolidate this third-party action with a civil lawsuit that it has filed against ACIC, MMI Agency, Inc., MMI Companies, Inc., St. Paul Companies, and Mr. Haas before U.S. District Judge C. LeRoy Hansen, Civil Case No. 02-194. It should be noted that Case No. 02-194 was transferred to this Court on August 30, 2002. The County argues that both civil actions revolve around the same factual issues—namely, ACIC's insurance coverage of the underlying litigation against Defendant/Third-Party Plaintiff Kapoor. Therefore, the County believes that consolidation of the two cases is necessary in order to avoid the risk of inconsistent results, spare the burden and expense of duplicating discovery and trials, and save judicial resources by not litigating common issues of law and fact before two separate judges.

On the other hand, the ACIC Third-Party Defendants, who are also defendants in Case No. 02-194, contend that consolidation would not be proper because the two cases are so dissimilar, individual questions of law predominate over common questions, and consolidation would cause unnecessary confusion, delay, and undue prejudice towards ACIC and Mr. Haas. Specifically, the ACIC Third-Party Defendants note that two of the three claims in Case No. 02-194 have nothing in common with Case No. 96-1225.

The Court agrees that some of the questions of law and fact are common to both cases, and that both cases concern the same insurance policies. However, the Court does not believe the cases are similar enough to warrant consolidation. The Third-Party Complaint in Case No. 96-1225 was filed by Dr. Kapoor, who is the defendant in the underlying litigation. Thus, the common factor in both the original Complaint and the Third-Party Complaint in Case No. 96-1225 is Dr. Kapoor. On the contrary, Case No. 02-194 only tangentially concerns Dr. Kapoor, in that the insurance policy covered the lawsuit filed against him. The main issue in

Case No. 02-194 is not Dr. Kapoor's disputes regarding the insurance coverage of *himself*, but rather, disputes concerning ACIC's coverage of ENMMC/County.

There are even more significant differences between Case No. 96-1225 and Case No. 02-194. The insurance coverage of the underlying lawsuit in Case No. 96-1225 is only one of the claims in Case No. 02-194. In Case No. 02-194, the County further seeks redress with regard to ACIC's coverage of an employment lawsuit filed by Dr. Orson Treloar and the purchase of insurance from MMI Agency, Inc. for risks associated with the sale of ENMMC—both of which do not have any connection to Case No. 96-1225. Additionally, the County names MMI Agency, Inc., MMI Companies, Inc., and St. Paul Companies as defendants in Case No. 02-194, while they are not parties to Case No. 96-1225.

The Court's finding that the cases are not similar enough to satisfy Rule 42(a) is dispositive of the Motion to Consolidate. However, even assuming *arguendo* that common questions of law and fact justified consolidation, the Court believes the resultant confusion would render a consolidation unwarranted. The litigation surrounding the ACIC insurance policies in Case No. 96-1225 resulted from the filing of a Third-Party Complaint, not the original underlying lawsuit. Therefore, Case No. 96-1225 already has two separate branches of litigation, and adding a third branch would cause unnecessary confusion, especially to a jury, should these cases go to trial.

Nevertheless, the Court notes the concerns raised in the Motion with respect to the potential duplication of discovery and deposition testimony if the cases were not consolidated. Since Case No. 02-194 has been reassigned to this Court, there is little likelihood of inconsistent results in both cases. Moreover, Magistrate Judge Leslie C. Smith has also been assigned to both

Case No. 96-1225 and Case No. 02-194. Magistrate Judge Smith can coordinate the discovery in both cases to avoid duplication when possible. In addition, the parties can request the use of discovery and deposition testimony from both cases to be used in either litigation. The Court believes that, with the cooperation of the all of the parties, the cases can remain separate and focused on the issues relevant to the respective causes of action, and also make efficient use of judicial resources.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Motion to Join Additional Party **[Doc. No. 420]** is hereby **GRANTED**, and that the County of Chaves shall be added as a third-party defendant in this action. Within 15 days of the filing of this Memorandum Opinion and Order, Third-Party Plaintiff must submit an amended pleading, which names the County of Chaves as a third-party defendant. The County will then have 10 days after service to file its answer.

**IT IS FURTHER ORDERED** that the Motion to Withdraw as Counsel of Record for Third-Party Defendant Eastern New Mexico Medical Center **[Doc. No. 427]** is hereby **GRANTED**. The law firm of Guebert, Bruckner & Bootes, P.C., must transfer to ENMMC's current lawyers all documents and other information pertaining to its representation of ENMMC. However, any documents that contain privileged information regarding the legal representation by Guebert, Bruckner & Bootes, P.C., of any other party in this action may be redacted or excluded. All excluded documents should be noted in a privilege log, which must also be submitted to ENMMC's current lawyers. Disputes with regard to any privileged material should be directed to the magistrate judge.

**IT IS FURTHER ORDERED** that the Motion of Chaves County to Consolidate Above-Styled Cases **[Doc. No. 431]** is hereby **DENIED**. The parties may, however, request the use of any discovery or deposition testimony from both Case No. 96-1225 and Case No. 02-194 in either causes of action.

Dated this 30th day of September, 2002.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorneys for Plaintiffs:
Randy K. Clark, Esq.
Kathryn A. Hammel, Esq.

Attorneys for Defendant/Third-Party Plaintiff/Counter-Defendant:
Mark D. Jarmie, Esq.
Eric S. Jeffries, Esq.
Ripley B. Harwood, Esq.
Gerald G. Dixon, Esq.

Attorneys for Trustee in Bankruptcy:
William H. Carpenter, Esq.
William E. Snead, Esq.

Attorneys for Third-Party Defendants/Counter-Claimants:
William P. Gralow, Esq.
Maureen A. Sanders, Esq.
Terry R. Guebert, Esq.
RaMona G. Bootes, Esq.